# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Lord Masters a/k/a Lörd Masters, | CASE NO. 13-CV-1302-LAB |
|---|---|
| Plaintiff, vs.<br>San Diego Sheriff's Department,<br>Defendant. | **ORDER DENYING IFP MOTION WITHOUT PREJUDICE** |

Masters, an inmate at the San Diego Central Jail proceeding pro se, filed this civil action on June 4, 2013. Now pending is his Motion to Proceed *In Forma Pauperis* ("IFP").

All parties instituting a civil action in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

A request to proceed IFP must include "a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Civil Local Rule 3.2(a) provides a detailed description of the information that must be included with an IFP motion, such as a statement of current employment or date of last employment, and a statement of any monies received within the past twelve months. In addition, a prisoner filing an IFP motion must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period

- 1 -

immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Masters asks the Court to grant his IFP motion solely on the basis of his statement, "I am an indigent with no income." (Doc. 2). The motion does not include an additional affidavit, nor does it list any previous employment, monies received in the past twelve months, or include a certified copy of his trust fund account statement.[1] Because Masters has not provided the required information, the Court **DENIES** the motion without prejudice.

Masters may have **30 days** from the date this Order is received to: (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to Proceed IFP including an affidavit pursuant to S.D. CAL. CIVLR 3.2(a) and a certified copy of his trust account statement for the 6-month period preceding the filing of his complaint. *See* 28 U.S.C. § 1915(b).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Masters with this Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis." If Masters fails to either prepay the $350 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within the 30 days allowed, the Court will dismiss his case without prejudice.

DATED: June 13, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc:      Petitioner/Plaintiff, *Pro Se*

---

[1] Masters attached to his complaint two Sheriff's Department Commissary Orders which list balances to an unspecified account. (Doc. 1 at 3–4). These orders contradict Master's statement that he has no income. It is unclear whether these orders are intended to stand as copies of his trust fund account. Even if that is the case, they are not *certified* copies as required, and further financial information would still be needed.