# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORD MASTERS A/K/A LÖRD MASTERS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF'S DEPARTMENT,<br><br>　　　　Defendant. | CASE NO. 13-CV-1302-LAB-DHB<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE** |

　　The Court previously denied without prejudice Masters' motion to proceed *In Forma Pauperis* ("IFP"). Now before the Court is his renewed motion to proceed IFP.

　　Masters' last motion was denied because: (1) it did not include documentation of his assets showing that he can't pay or give security for the Court's filing fee, 28 U.S.C. § 1915(a)(1); (2) it did not include employment and other financial information as required under Civil Local Rule 3.2(1); and (3) it did not include a certified copy of his trust fund account statement for the six months preceding the filing of his complaint, as required by 18 U.S.C. § 1915(a)(2). Masters has addressed most of these defects. When he filed the motion, Masters had a balance of $1.56 in his prison trust fund, and he earned $7 a month

from his prison job. It is clear that Masters cannot afford to pay the filing fee. He has no assets, and has not worked since 2007. Section 1915(b)(1) says the court "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee," of either 20 percent of average monthly deposits or the average monthly balance in the prisoner's account.

Section 1915(b)(2) calls for continued payments toward the filing fee: "[T]he prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." Masters' motion to proceed IFP is **GRANTED** on the condition that he pay $1.40 as an initial partial filing fee—20 percent of his average monthly deposits—-and, from now on, 20 percent of his monthly deposits for months in which his balance exceeds $10 until the Court's $350 filing fee is paid.

Under 28 U.S.C. § 1915(e), the Court must screen each civil action commenced pursuant to 28 U.S.C. § 1915(a) and dismiss it if the Court finds it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (holding that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim). To survive dismissal, a complaint must contain facts that, taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Masters brings his claim under the Civil Rights Act, 42 U.S.C. § 1983, alleging that his due process rights were violated because he is a pro se litigant who does not have access to a law library and has limited access to legal materials. Denial of access to a jail library con give rise to a cognizable claim under § 1983, *Eldridge v. Block*, 832 F.2d 1132, 1138 (9th Cir. 1987), but the remainder of Masters' pleadings muddle his claims. While his original complaint asserts the due process violation and seeks injunctive relief and court

costs, a supplemental pleading asserts that he has been held without formal charges and seeks $10,000 per month while in custody, release from custody, and court costs. The complaint simply lacks factual context, so the Court cannot determine whether Masters states a plausible claim, or whether it is frivolous.

Masters' complaint is therefore **DISMISSED WITHOUT PREJUDICE**. He may file an amended complaint within 30 days from the date of this Order. If he chooses to file an amended complaint, Masters should provide context for his claims. If all he seeks is access to the library for purposes of other legal proceedings, he should say so. If he is challenging his detention or alleging other due process violations, he should include facts showing that he has a viable claim that he should not be in custody or that his due process rights have been violated.

**IT IS SO ORDERED**.

DATED: July 17, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge